UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TRUSTEES OF THE LOCAL 813 PENSION
TRUST FUND,

                      Plaintiff,

      v.

FRANK MICELI JR. CONTRACTING, INC.,
MAR-NIC EQUIPTMENT & LEASING CO., INC.,
QUEEN CITY RECYCLING, and 19-17 CLIFF
STREET PROPERTIES LLC,

                      Defendants.

**MEMORANDUM & ORDER**
13-CV-0198 (MKB) (JO)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Trustees of the Local 813 Pension Trust Fund commenced the above-captioned action against Defendant Frank Miceli Jr. Contracting, Inc. ("FMC"), Mar-Nic Equipment & Leasing Co., Inc., Queen City Recycling and 19-17 Cliff Street Properties LLC on January 11, 2013, asserting claims for withdrawal liability, interest, liquidated damages and attorneys' fees and costs pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 4201 *et seq.*, as amended by the Multiemployer Pension Plan Amendment Act of 1980, 29 U.S.C. § 1381 *et seq*. On March 31, 2016, the Court granted Plaintiff's motion for summary judgment and awarded Plaintiff damages in the amount of $79,574 for withdrawal liability, jointly and severally against all Defendants. (Memorandum and Order dated March 31, 2016, Docket Entry No. 47.) Plaintiff subsequently moved for an award of interest for the period between August 28, 2012 and

April 15, 2016,[1] liquidated damages and attorneys' fees and costs. (Pl. Mot. for Attorneys' Fees, Docket Entry No. 48.)

On May 16, 2016, the Court referred this matter to Magistrate Judge James Orenstein for a report and recommendation. (Order dated May 16, 2016.) By report and recommendation dated February 21, 2017 (the "R&R"), Judge Orenstein recommended that the Court award Plaintiff: $9396.27 in interest;[2] $9396.27 in liquidated damages; $33,682.25 in reasonable attorneys' fees; and $350 in costs. (R&R at 1.) Combined with the previously awarded withdrawal liability,

---

[1] The R&R identifies April 15, 2016 as the "date of the summary judgment motion," (R&R at 2–3), but the Court granted summary judgment on March 31, 2016. (Memorandum and Order dated March 31, 2016.) The parties do not dispute that interest damages should be awarded from August 28, 2012 through April 15, 2016.

[2] In the R&R, Judge Orenstein does not rely on the interest rate provided for in the Withdrawal Liability Procedures (Docket Entry No. 48-5) because Plaintiff failed to establish that the procedures were in effect during the relevant period. (R&R at 3–4.) Judge Orenstein calculated the interest rate relying on the regulatory annual rates of the Pension Benefit Guaranty Corporation ("PBGC"), (*id*. at 4), as provided by 29 C.F.R. § 4219.32 and 29 U.S.C. § 1399(c), instead of the statutory default rate provided in 29 U.S.C. § 1132(g)(2)(E) ("For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."). Courts have approved both approaches in the absence of a plan that dictates the applicable interest rate. *Compare Trs. of the United Teamster Pension Fund v. Juniors Produce Inc.*, No. 15-CV-6927, 2016 WL 4995023, at *5 (E.D.N.Y. Aug. 31, 2016) (applying the statutory default rate provided in 29 U.S.C. § 1132(g)(2)(E) where the plan documents and collective bargaining agreement did not set forth an interest rate to calculate withdrawal liability), *report and recommendation adopted*, 2016 WL 4995154 (Sept. 16, 2016), *with Bd. of Trs. of UFCW Local 342 Pension Fund v. Merrick Associated Market, Inc.*, No. 11-CV-4310, 2012 WL 4049845, at *4 (E.D.N.Y. Aug. 21, 2012) (applying PBGC interest rate where "no plan document specifie[d] a particular interest rate for withdrawal liability"), *report and recommendation adopted*, 2012 WL 4049996 (Sept. 13, 2012), *and Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co., Inc.*, No. 8-CV-2325, 2009 WL 982424, at *5 (E.D.N.Y. Apr. 10, 2009) (applying PBGC interest rates where the record did not include any information about the terms of the fund, because "the court may look only to the regulatory interest rate in computing interest") (adopting report and recommendation). Here, because neither party objected to the use of the PBGC rates, the Court declines to decide whether Judge Orenstein applied it appropriately.

2

Judge Orenstein recommended a total award of $132,398.79. (*Id.*) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Orenstein's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).[3] Accordingly, the Court

---

[3] The Court, however, corrects Judge Orenstein's interest award which, without rounding and accounting for 1312 days between August 28, 2012 and March 31, 2016, totals $9410.44 ($79,574*((0.0325*(1312/365)) + (0.035*(15/365)))), instead of $9396.27 ($79,574*((0.0325*(1310/365)) + (0.035*(15/365)))). Accordingly, both the interest and liquidated damages awards are $9410.44.

directs the Clerk of Court to award Plaintiff interest of $9410.44, liquidated damages of $9410.44, reasonable attorneys' fees of $33,682.25 and costs of $350.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge


Dated: March 13, 2017
       Brooklyn, New York